Law Office of Mullins & Trenchak
PHILIP J. TRENCHAK, ESQ.
Nevada State Bar No. 9924
VICTORIA MULLINS, ESQ.
Nevada State Bar No. 13546
1212 South Casino Center Blvd.
Las Vegas, Nevada 89104
P: (702) 476-5101
F: (702) 476-5158
E: phil@trenchaklaw.com
E: victoria.c.mullins@gmail.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MINERVA NAVARETTE, | Case No.: |
| Plaintiffs, | Dept No.: |
| vs. | **COMPLAINT OF MINERVA NAVARETTE** |
| NEVADA RESTAURANT SERVICES, INC. dba DOTTY'S, a domestic corporation; DOE INDIVIDUALS 1 through 300; and ROE BUSINESS OR GOVERNMENTAL ENTITIES 1 through 300, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff, MINERVA NAVARETTE, by and through her attorneys PHILIP J. TRENCHAK, Esq., and VICTORIA C. MULLINS, Esq. hereby brings suit against NEVADA RESTAURANT SERVICES, INC. dba DOTTY'S, a domestic corporation; DOE INDIVIDUALS 1 through 300; and ROE BUSINESS OR GOVERNMENTAL ENTITIES 1 through 300, inclusive, Defendants.

### GENERAL ALLEGATIONS

1. Plaintiff MINERVA NAVARETTE (hereinafter "Plaintiff," "Ms. Navarette," or "Minerva") is and was at all times material to this action, an individual residing in the State of Nevada.

2. Plaintiff is informed and believes, and thereupon alleges, that Defendant NEVADA RESTAURANT SERVICES, INC. dba DOTTY'S (hereinafter "Defendant" or "Dotty's"), is and was at all times material to this action, a domestic corporation, duly authorized to transact, and in fact transacting, business in the County of Clark, State of Nevada.

3. Plaintiff is informed and believes, and thereupon alleges that Defendants DOE INDIVIDUALS 1 through 300, inclusive, are either individuals residing in the State of Nevada, or business entities whose forms are unknown, duly authorized to transact, and in fact transacting, business in the State of Nevada.

4. Plaintiff is informed and believes, and thereupon alleges that Defendants ROE BUSINESSES OR GOVERNMENTAL ENTITIES 1 through 300, inclusive, are either business or governmental entities whose forms are unknown, duly authorized to transact, and in fact transacting, business in the State of Nevada.

5. Plaintiff is unaware of the true names and capacities, whether corporate, individual, associate, or otherwise of the other defendants, and therefore sues those defendants by fictitious names DOE INDIVIDUALS 1 through 300; and ROE BUSINESS OR GOVERNMENTAL ENTITIES 1 through 300, inclusive. When Plaintiff ascertains the identities and exact nature of such fictitious defendants, she will seek leave of this Court to amend this Complaint to assert the true names thereupon.

6. Plaintiff is informed and believes, and thereupon alleges, that the fictitiously named defendants sued herein by fictitious names DOE INDIVIDUALS 1 through 300; and ROE BUSINESS OR GOVERNMENTAL ENTITIES 1 through 300, inclusive, and each of them are in some manner responsible for the acts alleged herein.

7. Plaintiff is informed and believes, and thereupon alleges, that the named defendants, each of them, and the fictitiously named defendants sued herein by fictitious names DOE INDIVIDUALS 1 through 300, and ROE BUSINESS ENTITIES 1 through 300, inclusive, were the agents and/or employees of the other remaining defendants and were at all times acting within the purpose and scope of such agency and/or employment.

## JURISDICTION

8. This is an action for damages arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e to 2000e-17 (retaliation), the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990 and amendments thereto, 42 U.S.C. §12101 et seq. (hereinafter "ADA").

9. This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. §1343(a)(4) (civil rights action) and 42 U.S.C. §2000e-5(f)(3) (unlawful discrimination and retaliation in employment). Additionally this Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. §1367.

10. Dotty's employs in excess of five hundred (500) individuals in the Las Vegas valley.

11. All material allegations relative to the named defendants contained in this Complaint are believed to have occurred in the State of Nevada, Clark County. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDY

12. Plaintiff initiated the process of filing a Charge of Discrimination against her former employer, the Defendant(s) named in this action with the United States Equal Opportunity Commission ("EEOC") wherein she alleged discrimination on the basis of retaliation as a continuing action.

13. On or about January 22, 2018, Ms. Navarette received her Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission. Please see attached Exhibit A.

14. This action was filed within 90 days of the EEOC "Right to Sue" Letter being received by Ms. Navarette. Therefore this action is timely.

15. Ms. Navarette has exhausted her administrative remedy on all claims pled hereunder prior to filing this action with this Court.

## GENERAL ALLEGATIONS

16. Plaintiff is informed and believes, and thereupon alleges, that on or about December of 2014, Plaintiff entered into employment with Defendants specifically as the Head of the Human Resources Department.

-3-

17. Plaintiff is informed and believes, and thereupon alleges that she was terminated on or about February 24, 2016.

18. Ms. Navarette was terminated less than a week after receiving a $5,000 raise and a $5,000 bonus.

19. As head of Human Resources, Ms. Navarette attempted to rewrite the employee handbook.

20. Ms. Navarette created an online job application.

21. Ms. Navarette attempted to bring the Defendant into compliance with Federal Employment laws.

22. It was common practice for managers to discharge employees that needed reasonable accommodations.

23. Ms. Navarette was told that Human Resources was not allowed in The Dotty's locations.

24. Upon information and belief, decision makers for discipline were the general managers and there was no consistency.

25. Upon information and belief, if an employee denies a shift three times then that employee is terminated regardless of the reason.

26. Upon information and belief, discipline was administered without any guidance from Human Resources.

27. Upon information and belief, there are no breaks for staff at Dotty's locations and when the employee uses the bathroom patrons steal items.

28. Upon information and belief, managers were not informed of basic federal employment laws such as the FMLA.

29. Upon information and belief, employees continue to work even though they are extremely ill due to fear of being terminated.

30. Upon information and belief, bartenders performed every task at each location acting as security, the cook, the bathroom attendant, and on-site mechanic.

31. Because there was only one employee at each location, reasonable accommodations were rarely given because there was no one else on-site to complete everyday tasks.

32. Employees had a general fax number to send medical requests to but there was no privacy and no restricted access to these documents.

33. Employees were regularly disciplined for requesting leave under the Family Medical Leave Act.

34. Employees were regularly denied reasonable accommodations.

35. Employees were terminated for not being able to do the work required regardless of the reason.

36. Plaintiff attempted to rectify these above-mentioned issues but was met with extreme resistance.

37. Plaintiff is informed and believes, and thereupon alleges, that Defendants did unlawfully terminate her employment due to retaliation for attempting to rectify wrongs against individuals that were actively being discriminated against.

## FIRST CAUSE OF ACTION
### (Retaliation under the ADA)

38. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

39. As a result of Defendants' above stated actions, among others, Plaintiff suffered deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to him as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity and other intangible injuries in an amount to be proven at trial. Defendants' refusal to engage in any interactive process to remediate the discrimination and retaliation to address, remediate and eradicate these issues at work was to effectuate a discriminatory purpose toward Plaintiff by Defendants.

40. Plaintiff should be awarded punitive damages as well because of Defendants' extreme and outrageous conduct.

41. Plaintiff has incurred and continues to incur, attorney's fees in the prosecution of his

claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## SECOND CAUSE OF ACTION
(Retaliation under Federal Law, 42 U.S.C. § 2000e-3 and Nevada State Law, NRS 613.340)

42. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

43. In violation of 42 U.S.C § 2000e-3, Defendants retaliated against Plaintiff after Plaintiff complained of acts which she reasonably believed were discriminatory.

44. In violation of NRS 613.340 Defendants retaliated against Plaintiff after she complained of acts which she reasonably believed were discriminatory.

45. The behavior complained of also constitutes retaliatory harassment and the creation of an illegally hostile environment.

46. There may be more detrimental acts of which Ms. Navarette is unaware which may also constitute retaliation in that it harmed Ms. Navarette in her workplace.

47. The aforementioned actions and conduct by Defendants constitutes illegal retaliation which is prohibited by federal and state statutes.

48. Plaintiff has been seriously harmed, economically and emotionally by this unlawful retaliation and he is entitled to be fully compensated therefor.

49. Plaintiff had to engage in the services of attorneys for representation in this matter and is entitled to an award of reasonable attorney's fees.

## THIRD CAUSE OF ACTION
(Civil Conspiracy)

50. Plaintiff re-alleges and incorporates above allegations as though fully set forth herein.

51. Defendants, and each of them, did know and understand that Plaintiff was being discriminated against and continued to do so after the discrimination was reported to the Human Resources Department.

52. Defendants, and each of them, did act together in order to harm Plaintiff.

53. Defendants, and each of them, did actually bring about harm to the Plaintiff.

54. As a direct and proximate result of Defendants' Civil Conspiracy, Plaintiff suffered injuries, all of which have resulted in pain, discomfort, embarrassment, suffering, and other injuries and property damage.

55. As a further direct and proximate result of Defendants' Civil Conspiracy, Plaintiff has been forced to retain the services of an attorney and is entitled to an award of attorney's fees and costs.

## FOURTH CAUSE OF ACTION
### (Concert of Actions)

56. Plaintiff re-alleges and incorporates above allegations as though fully set forth herein.

57. Defendants, and each of them, did know and understand that Plaintiff was being discriminated against and did continue to discriminate Plaintiff and escalated this treatment after it was reported to the Human Resources Department.

58. Defendants, and each of them, did act together in order to harm Plaintiff.

59. Defendants, and each of them, did actually bring about harm to the Plaintiff.

60. As a direct and proximate result of Defendants' concert of actions, Plaintiff suffered injuries, all of which have resulted in pain, discomfort, embarrassment, suffering, and other injuries and property damage.

## FIFTH CAUSE OF ACTION
### (Negligent Supervision/Retention/Hiring)

61. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

62. Defendants had an obligation to provide Plaintiff with a workplace free of threat, harassment, retaliation, deprivation of his civil and constitutional rights, and denigration by her superiors and/or co-workers.

63. Defendants studiously ignored Plaintiff's multiple complaints regarding the retaliation and harassment she suffered.

64. Defendants knew or should have known of its employees proclivities for improper, unreasonable, outrageous, harassing and retaliatory actions such that an exercise of reasonable care would have stopped and or prevented such conduct.

65. Defendants' failure to properly hire, supervise and or retain its employees and address this conduct in an appropriate manner caused injury to Plaintiff.

66. Plaintiff is entitled to damages in an undetermined amount exceeding $15,000.00.

67. Plaintiff is entitled to an award of reasonable attorney's fees.

## SIXTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

68. Plaintiff re-alleges and incorporates above allegations as though fully set forth herein.

69. Defendants' conduct was extreme and outrageous with the intention of, or reckless disregard for, causing emotional distress to Plaintiff.

70. Plaintiff suffered severe emotional distress as the actual result of Defendants' conduct.

71. As a direct and proximate result of Defendants' intentional infliction of emotional distress, Plaintiff suffered injuries, all of which have resulted in pain, discomfort, embarrassment, suffering, and other injuries and property damage.

72. As a further direct and proximate result of Defendants' intentional infliction of emotional distress, Plaintiff has been forced to retain the services of an attorney and is entitled to an award of attorney's fees and costs.

## SEVENTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

73. Plaintiff re-alleges and incorporates above allegations as though fully set forth herein.

74. Defendants owed a duty of care to Plaintiff to not cause his harm and, such duty is deepened by his status as their employee and their subordinate.

75. Defendants breached their duty of care to Plaintiff as they were notified, repeatedly, in written form and verbally.

76. Defendants' breach of their duty of care to Plaintiff was the legal cause of Plaintiff's injuries.

77. Plaintiff has suffered serious emotional distress as a result.

78. As a direct and proximate result of Defendants' intentional infliction of emotional distress, Plaintiff suffered injuries, all of which have resulted in pain, discomfort, embarrassment, suffering, and other injuries and property damage, all in excess of fifteen thousand dollars ($15,000.00).

79. As a further direct and proximate result of Defendants' intentional infliction of emotional distress, Plaintiff has been forced to retain the services of an attorney and is entitled to an award of attorney's fees and costs.

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint prior to or at the time of trial for this action to insert those items of damage not yet fully ascertainable, prays judgment against the Defendants, and each of them, as follows:

## ON ALL CAUSES OF ACTION

1. For general damages sustained by Plaintiff in an amount in excess of $15,000.00;
2. For special damages sustained by Plaintiff in an amount in excess of $15,000.00;
3. For punitive damages sustained by Plaintiff in an amount in excess of $15,000.00;
4. For reasonable attorney's fees and costs of suit;
5. For interest at the statutory rate; and,
6. For such other and further relief as the Court deems proper.

DATED this 17rd day of April, 2018.

MULLINS AND TRENCHAK, ATTORNEYS AT LAW

*/s/: Philip J. Trenchak*
PHILIP J. TRENCHAK, ESQ.
Nevada State Bar No. 9924
1212 S. Casino Center Blvd.
Las Vegas, Nevada 89104
Attorneys for Plaintiff

## PLAINTIFF'S JURY DEMAND

Plaintiff, MINERVA NAVARETTE, by and through his attorneys of record, PHILIP J. TRENCHAK, ESQ., and VICTORIA MULLINS, Esq. of the law firm MULLINS & TRENCHAK, respectfully submits this Demand for Jury pursuant FRCP 38 in the above captioned matter.

DATED this 17th day of April 2018.

                        MULLINS & TRENCHAK

                        /s/ Philip J. Trenchak
                        PHILIP J. TRENCHAK, ESQ.
                        Nevada State Bar No. 9924
                        1212 S. Casino Center Blvd.
                        Las Vegas, Nevada 89104
                        Telephone: (702) 476-5101
                        Email: phil@trenchaklaw.com
                        Attorneys for Plaintiff

# EXHIBIT A

Right to Sue Letter

Received January 22, 2018

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Minerva V. Navarrette<br>725 Cowboy Cross Ave.<br>N Las Vegas, NV 89081 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite 5560<br>Las Vegas, NV 89101 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2017-00247 | Brian Gorecki,<br>Investigator | (702) 388-5099 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*/s/ Wendy K. Martin*

JAN 17 2018

Enclosures(s)

Wendy K. Martin,
Local Office Director

(Date Mailed)

cc: NEVADA RESTAURANT SERVICES, INC. DBA DOTTY'S
Attn: Paula Graziano, President
3645 Losee Rd
North Las Vegas, NV 89030